UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| B.G., et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>FORREST STONE, et al.,<br><br>　　　　Defendants. | Civil Action No. 19-15476 (BRM)<br><br>REPORT AND RECOMMENDATION |

**BONGIOVANNI, Magistrate Judge**

　　This matter comes before the Court upon Plaintiffs B.G. and Nicole L. Guidi's (collectively, "Plaintiffs") motion for Default Judgment as to Defendant Forrest Stone ("Stone"). For the reasons set forth below, the Court recommends that default judgment be entered against Stone in an amount to be determined by the District Court.

　　**I.　Background**

　　Plaintiffs filed the Complaint in this matter against Stone and Defendant DND Auto Group, LLC ("DND") (collectively, "Defendants") on July 17, 2019. (Docket Entry No. 1). Through same, Plaintiffs bring causes of action against Stone and DND based on injuries allegedly suffered by B.G when she was bit by a dog on July 26, 2017. Plaintiffs filed an Amended Complaint on July 19, 2019, redacting the confidential information ordered to be redacted by the Court. (Docket Entry No. 4).

　　Plaintiffs served Stone with a copy of the Summons and Complaint on July 29, 2019. Service on Stone was effectuated personally by a process server. (*See* Docket Entry No. 5 at 1-2). Despite being personally served, Stone did not timely file an Answer or other response in this matter. As a result, on March 4, 2020, Plaintiffs requested that default be entered against Stone. (*See* Docket Entry No. 14). The Clerk of the Court granted Plaintiffs' request on the same day

and, pursuant to FED.R.CIV.P. ("Rule") 55(a), default was entered against Stone.  (*See* Clerk's Entry of Default of 3/4/2020).

After default was entered, on March 12, 2020, Plaintiffs moved for a default judgment as to Stone.  (Docket Entry No. 15).  On April 30, 2020, the Court entered an Order to Show Cause for entry of Default Judgment, setting a hearing for July 7, 2020 at which Stone was directed to appear and show cause why a default judgment should not be entered against him pursuant to Rule 55(b) and L.Civ.R. 55.2.  (Docket Entry No. 18).  According to the Order to Show Cause entered by the Court, by June 5, 2020, Plaintiffs were to serve Stone with a copy of the Order to Show Cause and any supporting papers upon which the Order was based.  According to the Affidavit submitted by Plaintiffs, on March 13, 2020, Stone was served at 462 Rte. 46, Belvidere, NJ 07923, his residence or usual place of abode, by a process server who left a copy of the Order to Show Cause with a secretary named Donna.  (Docket Entry No. 19).  Donna, who refused to provide her last name, told the process server that Stone must have stepped out, but that she would see him later and provide the paperwork to him.  (*See Id.*).[1]  Despite being served with the Order to Show Cause, Stone did not appear at the hearing on July 7, 2020.  Further, Plaintiffs confirmed at the July 7, 2020 Order to Show Cause hearing that they have not been contacted by Stone in any form.  Similarly, the Court has not received any communications – telephonic, hard copy mail, email, etc. – from Stone.

**II.     Discussion**

As noted above, Plaintiffs filed the instant motion for default judgment after receiving a Clerk's entry of default based on Stone's failure to file an Answer or otherwise respond to Plaintiffs' Complaint.  Given the preference that matters be "disposed of on the merits whenever

---

[1] The Court finds that service was effectuated by leaving the paperwork with Donna.  *See* Rule 5(b)(2).

practicable" (*Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984) (citations omitted), courts "do[] not favor entry of defaults or default judgments." *United States v. $55,518.05 in U.S. Currency*, 782 F.2d 192, 194 (3d Cir. 1984). Thus, while "the entry of a default judgment is left primarily to the discretion of the district court[,]" the court's "discretion is not without limits[.]" *Hritz,,* 732 F.2d at 1180 (citation omitted). Instead, before default judgment is entered, the Court must determine that (1) the Complaint sets forth a legitimate cause of action; (2) the non-responding defendant was properly served; (3) the non-responding defendant failed to answer or otherwise respond to the complaint within the time period provided by the Federal Rules of Civil Procedure; and (4) whether the plaintiff has proved damages. *See Wells Fargo Bank, N.A. v. Standard Chartered Bank*, Civ. No. 2:17-CV-2039-KM-JBC, 2018 WL 3201794, at *1-2 (D.N.J. June 29, 2018). Further, prior to entering a default judgment, the Court must also make factual findings as to "(1) whether the party subject to default has a meritorious defense, (2) prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds,* 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcaso Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)).

Importantly, when evaluating the aforementioned factors, "[a] court must treat 'the factual allegations in a complaint, other than those as to damages . . . as conceded by the defendant.'" *Colony Nat'l Ins. Co. v. Control Bldg. Servs., Inc.*, Civ. No. 14-cv-5651 (WHW) (CLW), 2015 WL 7296034, at *4 (Nov. 18, 2015) (quoting *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 (3d Cir. 2005)). In addition, while it is inappropriate to enter default judgment against a defaulting defendant when there is "the possibility of an inconsistent ruling with respect to another defendant" (*Id*. (interpreting *Frow v. De La Vega*, 82 U.S. 552, 554, 21 L.Ed. 60 (1872), "[w]here judgment against a defaulting defendant would not affect the liability of non-defaulting defendants, default judgment

may be appropriate." *Id*. (citing *Farzetta v. Turner & Newall, Ltd.*, 797 F.2d 151, 154-55 (3d Cir. 1986)).

Here, the Court finds that entering default judgment against Stone does not run the risk of an inconsistent ruling with respect to Defendant DND. Moreover, Stone's liability does not depend on that of DND. As a result, the Court turns to the aforementioned factors in determining whether default judgment should be entered against Stone.

As to the first set of factors, the Court finds that they have been met. First, the Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as there is complete diversity between Plaintiffs and Defendants and the amount in controversy exceeds $75,000.00. In addition, pursuant to 28 U.S.C. § 1391(a) and (c), venue appears to be proper in this District. Additionally, when treating the facts alleged in Plaintiffs' Complaint as true, the Court finds that Plaintiffs have sufficiently set forth legitimate causes of action against Stone for strict liability under N.J.S.A. 4:19-16, negligence and loss of companionship. The facts alleged, namely: (1) Stone's residence at the same address as that listed as the address at which DND transacted business; (2) Plaintiffs' presence on the commercial premises owned and/or operated as DND for the purpose of shopping for a used Jeep; (3) Stone's ownership of the dog "Oscar"; (4) Oscar acting docile; (5) Plaintiff B.G. petting Oscar; (6) Oscar becoming aggressive toward B.G. without warning; (7) Oscar biting B.G. twice on her inner right thigh and the manner of biting; and (7) Stone's knowledge or implied knowledge of Oscar's vicious tendencies adequately support the aforementioned claims. Second, as set forth above and discussed during the Order to Show Cause hearing, Plaintiffs have provided the Court with proof that Stone was personally served on July 29, 2019. (Docket Entry No. 5). Third, it is clear that Stone has not answered or otherwise responded to the Complaint within the timeframe set by the Federal Rules of Civil Procedure.

4

Indeed, Stone's failure to timely answer or otherwise respond to Plaintiffs' Complaint resulted in default being entered against him.  (*See* Clerk's Entry of Default of 3/4/2020.)  It was also the subject of the Court's Order to Show Cause, which afforded Stone and opportunity to respond to the Complaint and warned that the undersigned might recommend that default judgment be entered against him if he failed to appear on July 7, 2020 and show cause why such default judgment should not be entered.  (Docket Entry No. 18).  Fourth, the Court does not reach the exact amount of damages to be entered as that issue will be addressed by the District Court at a later date.

As to the second set of factors, which relate to the factual bases for entering a default judgment, the Court, likewise, finds each has been met.  First, the Court finds that by not filing a responsive pleading, Stone elected not to present a defense.  Whether he could have potentially established that he was not the owner of Oscar or otherwise not responsible for the conduct of the dog is sheer speculation in light of his decision to not defend the matter.  Accepting the factual allegations set forth in Plaintiffs' Complaint as conceded by Stone, as the Court must in light of his failure to defend, it does not appear that Stone has a meritorious defense to Plaintiffs' claims.  Second, Plaintiffs have been prejudiced by Stone's failure to defend.  Absent a default judgment against Stone, Stone's nonparticipation in this matter would render it essentially impossible for Plaintiffs to obtain recourse against him.  Third, the Court finds Stone to be culpable for the failure to respond.  He was personally served with process in this matter and yet chose not to appear in the case.  Further, despite being served with the Court's Order to Show Cause, he elected not to participate at the hearing.  Stone has had every opportunity to appear and defend this case, but he has chosen not to do so despite being forewarned that a continued failure to do so might result in default judgment being entered against him.

Under these circumstances, the Court recommends that default judgment be entered against Stone.  The Court further recommends that the District Court determine when and how it would like to consider damages.  In this regard, the Court notes that the District Court "may employ various methods to ascertain the amount of damages due." *Colony Nat'l*, 2015 WL 7296034, at *4.  For example, "the court may conduct a hearing to determine the damages amount[.]"  The Court, however, also notes that Rule 55(b)(2) does not require a hearing.  Instead, "a damages determination may be made without a hearing 'as long as [the court] ensure[s] that there [is] a basis for the damages specified'" in its award.  *Id*. (quoting *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997)).  The District Court shall decide whether to conduct a hearing or how it will otherwise determine damages.  Further, the District Court shall decide when to make the damages determination.

### III.  Conclusion

Based on the foregoing,

IT IS on this 9th day of July, 2020,

RECOMMENDED that the District Court enter a default judgment against Stone with the damages calculation to be made at a later date by the District Court; and it is

ORDERED that the Clerk of Court activate this Report and Recommendation and terminate Docket Entry No. 15; and it is further

ORDERED that pursuant to FED.R.CIV.P. 72(b)(2) any party who has an objection to the proposed findings and recommendations set forth herein has **14 days** after being served with a copy of this Report and Recommendation to file specific written objections; and it is further

ORDERED that the Clerk of the Court send a copy of this Report and Recommendation to Stone at the following address by both certified mail, return receipt requested, and regular mail:

>Mr. Forrest Stone
>462 Rte. 46
>Belvidere, NJ 07823

>s/Tonianne J. Bongiovanni
>**HONORABLE TONIANNE J. BONGIOVANNI**
>**UNITED STATES MAGISTRATE JUDGE**